# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

| | | |
|---|---|---|
| GATLIN CONSULTING GROUP, LLC, | ) | |
| PLATINUM BIOLOGICS, LLC; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | (Jury Demand) |
| ADVANCED SOLUTION, LLC; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS ORIGINAL COMPLAINT

COME NOW GATLIN CONSULTING GROUP, LLC, and PLATINUM BIOLOGICS, LLC, Plaintiffs, in an action for money damages, treble damages, punitive damages, and a declaratory judgment for Defendant's material breach. Plaintiffs respectfully request trial by jury. Plaintiffs alleges as follows:

## I.  PARTIES

1.1    Plaintiff GATLIN CONSULTING GROUP, LLC. (hereinafter referred to as "GATLIN") is a limited liability company formed in the State of Ohio with a principal office address of 6875 Roberts Park Drive, Mason, Ohio 45040.

1.2    Plaintiff PLATINUM BIOLOGICS, LLC. (hereinafter referred to as "PLATINUM") is a limited liability company formed in the State of Florida with a principal office address of 1510 E Colonial Drive, Unit 100, Orlando, Florida 32803.

1.3    Defendant ADVANCED SOLUTION, LLC (hereinafter referred to as "ADVANCED SOLUTION") is a Pennsylvania limited liability company with a principal office of 1 N. Hanover Street, Carlisle, PA 17013. Defendant may be served with process at its registered office of 1 N. Hanover Street, Carlisle, PA 17013.

## II. JURISDICTION & VENUE

2.1    The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff, GATLIN, is an Ohio limited liability company and Plaintiff, PLATINUM, is a Florida limited liability company. Defendant, ADVANCED SOLUTION, is a Pennsylvania limited liability company.

2.2    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because ADVANCED SOLUTION operates, resides and has its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is further proper in this District pursuant to 18 U.S.C. § 1965(a) because each defendant is found and/or transacts its affairs in this District.

## III. BACKGROUND

3.1    On or about April 11, 2023, Plaintiff, GATLIN, signed a valid and binding Independent Contractor Agreement with Defendant, ADVANCED SOLUTION, to serve as a traveling salesman to market and facilitate sales of wound care materials. This agreement was amended on or about March 20, 2024.

3.2    Defendant, ADVANCED SOLUTION, operated as a referral source and distributor for the wound care material manufacturers for a third party.

3.3    The agreed upon and fully executed Independent Contractor Agreement outlined a percentage of all Plaintiff direct sales of wound care materials as compensation for services rendered by Plaintiff.

3.4    In accordance with the valid and binding Independent Contractor Agreement, the compensation paid by Defendant, ADVANCED SOLUTION, to Plaintiff, GATLIN, was due fourteen (14) days after receipt of payment from customers. This is commonly referred to as a "pay when paid" relationship.

3.5    Plaintiff, GATLIN, performed all its duties under the Independent Contractor Agreement and facilitated the sale of over six million dollars ($6,000,000.00) worth of wound care materials to medical professionals during the term of the contract.

3.6    Defendant, ADVANCED SOLUTION, was paid for the services rendered by Plaintiff, GATLIN. These payments to Defendant, ADVANCED SOLUTION, were made between April 11, 2023 and January 31, 2025. Of note, the exact date of the payments to ADVANCED SOLUTION is easily determinable through the discovery process.

3.7    Defendant, ADVANCED SOLUTION, made payments for services rendered to Plaintiff, GATLIN, representing roughly 50% of the total compensation due.

3.8    Defendant, ADVANCED SOLUTION, failed to fully compensate Plaintiff, GATLIN, and failed to meet the compensation terms of the Independent Contractor Agreement.

3.9    Defendant, ADVANCED SOLUTION, terminated the Independent Contractor Agreement with Plaintiff, GATLIN, on June 03, 2024.

3.10    Outstanding compensation is still due to Plaintiff, GATLIN, for services rendered during the term of the contract.

3.11  On or about April 06, 2023, Plaintiff, PLATINUM, signed a valid and binding Independent Contractor Agreement with Defendant, ADVANCED SOLUTION, to serve as a referral source for new customers.

3.12  The agreed upon and fully executed Independent Contractor Agreement outlined a percentage of all Plaintiff, PLATINUM, referral commissions as compensation for services rendered by Plaintiff.

3.13  Plaintiff, PLATINUM, performed all its duties under the Independent Contractor Agreement and referred over thirty million dollars ($30,000,000.00) worth of wound care customers during the term of the contract.

3.14  Defendant, ADVANCED SOLUTION, made zero payments for services rendered by Plaintiff, PLATINUM.

3.15  Outstanding compensation is still due to Plaintiff, PLATINUM, for services rendered during the term of the contract.

## IV.  FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

4.1  Plaintiffs reallege paragraphs 1.1 through 3.15 above and incorporate them by reference as if fully set forth herein.

4.2  Plaintiffs have fulfilled all of their obligations under the Independent Contractor Agreements and are not in breach of any contract nor agreement with Defendant.

4.3  The written Independent Contract Agreements that included an offer and acceptance, consideration in the form of compensation, were fully executed and signed by a legally authorized competent representatives from both Plaintiffs and Defendant, ADVANCED SOLUTION.

4.4    Defendant, ADVANCED SOLUTION, has materially breached the Independent Contractor Agreements by failing to make timely payments.

4.5    As a direct and proximate result of Defendant's, ADVANCED SOLUTION, breach of contract, Plaintiffs have suffered and continues to suffer damages in an amount to be determined at trial and currently exceeds $2,200,000.00, accruing additional interest monthly until fully paid.

## V.  SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

5.1    Plaintiffs reallege paragraphs 1.1 through 4.5 above and incorporate them by reference as if fully set forth herein.

5.2    During the term of the contract, Plaintiffs fully satisfied their obligations as outlined in the Independent Contractor Agreements and provided a benefit to Defendant, ADVANCED SOLUTION.

5.3    Due to Plaintiffs services, Defendant, ADVANCED SOLUTION, received and retained valuable consideration, to include money, from customers.

5.4    Instead of compensating Plaintiffs for services rendered, Defendant, ADVANCED SOLUTION distributed cash to entity owners and third parties.

5.5    By diverting Plaintiffs compensation to alternative recipients, Defendant, ADVANCED SOLUTION, has received an unjust benefit that was not bargained for nor negotiated.

5.6    As a direct and proximate result of Defendant's actions, Plaintiffs have suffered and continues to suffer damages in an amount to be determined at trial.

## VI.  THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT

6.1    Plaintiffs reallege paragraphs 1.1 through 5.6 above and incorporate them by reference as if fully set forth herein.

6.2    There is a substantial controversy and dispute between the parties having adverse legal interests of sufficient immediacy to warrant the issuance of a declaratory judgment.

6.3    Under the Declaratory Judgment Act, 28 U.S.C. § § 2201, 2202, the dispute between Plaintiffs and Defendant is a controversy appropriate for declaratory judgement.

6.4    Plaintiffs have fulfilled all of its obligations under the Independent Contractor Agreements and, therefore, is not in breach of any contract nor agreement with Defendant.

6.5    Defendant, ADVANCED SOLUTION, has provided notice to Plaintiffs that it considers itself excused from performing its obligations under the Independent Contractor Agreements, including its obligation to timely make fully payment for services.

6.6    A declaratory judgment that the Independent Contractor Agreements remains in full force and effect and that no "late payment" from medical professional excuses Defendant from ongoing performance of all contract obligations will prevent the necessity of multiple successive lawsuits to recover timely payments from Defendant.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests this Court issue citation to Defendant to answer, and upon a trial by jury of this matter, enter a joint and several judgment against the above-named Defendant for compensatory damages in an amount in excess of $75,000, punitive damages, treble damages, together with pre- and post- judgment interest, attorneys' fees, costs, a declaratory judgment, and such other and further relief as the Court deems just and equitable. Plaintiff further requests this Court to grant Plaintiff's pleas of breach of contract, fraudulent concealment, civil conspiracy, conversion, unjust enrichment, and promissory estoppel.

Respectfully submitted,

*Attorneys for Plaintiff*

Cunningham, Chernicoff, & Warshawsky, PC

By: /s/  Joseph M. Kanfer
Joseph M. Kanfer
PA Attorney I.D. No. 306558
2320 North Second Street
P.O. Box 60457
Harrisburg, PA 17106
(717) 238-6570
jkanfer@cclawpc.com

/s/ Clifton Kyle
Clifton Kyle
LA Attorney I.D. No. 34314
Pro Hac Vice Pending
4298 Elysian Fields Avenue
Suite B
New Orleans, LA 70122
(504) 535-5730
cckyle@kylelawgroup.com