UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

Gatlin Consulting Group, LLC and
Platinum Biologics, LLC,

        Plaintiffs,

    v.

Advanced Solution, LLC,

        Defendant.

Case No. 1:25-cv-01889-YK

**BRIEF IN SUPPORT OF DEFENDANT
<u>ADVANCED SOLUTION, LLC'S PARTIAL MOTION TO DISMISS</u>**

Defendant Advanced Solution, LLC ("Advanced Solution"), by and through its attorneys, submits this brief in support of its Partial Motion to Dismiss ("Motion") Plaintiffs Gatlin Consulting Group, LLC ("Gatlin") and Platinum Biologics, LLC's ("Platinum") (collectively, ("Plaintiffs") Original Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

*Plaintiffs*

Advanced Solution, a pioneer in healthcare logistics services and which operates to distribute wound care materials, frequently engages with contractors to provide sales and marketing services. It is worth noting that Plaintiffs Platinum and Gatlin have no relation to one another and bring this lawsuit based on separate contractor relationships with Advanced Solution (and only alleged as to Platinum). Plaintiffs fail to appropriately separate the claims for relief in the Complaint and instead merge the facts; therefore, Advanced Solution addresses each separately herein.

*Platinum*

Advanced Solution attempted to execute an Independent Contractor Agreement with Platinum in April 2023 for certain sales and marketing services. Now, almost three years later, Platinum demands more than thirty million dollars under breach of contract and quasi-contract theories as well as a claim for declaratory

1

judgment. The declaratory judgment claim (Third Claim for Relief) fails and should be dismissed as to Platinum because it is a duplicative rehash of the breach of contract claim. Accordingly, for the reasons stated herein, Platinum's Third Claim for Relief should be dismissed in its entirety and with prejudice.

*Gatlin*

Over the course of the contractor relationship, Advanced Solution paid Gatlin certain commissions pursuant to a written agreement between the parties. In June 2024, Advanced Solution promptly terminated the relationship.

Now, after its termination, Gatlin demands more than six million dollars under breach of contract and quasi-contract theories. Gatlin's attempt to seek payments through its unjust enrichment claim (Second Claim for Relief) fails because there is an express, written agreement between the parties that directly addresses commission payments and the independent contractor relationship between Advanced Solution and Gatlin. The declaratory judgment claim (Third Claim for Relief) also fails and should be dismissed because it is duplicative of the breach of contract claim. Accordingly, for the reasons stated herein, Gatlin's Second and Third Claims for Relief should be dismissed in their entirety and with prejudice.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on October 9, 2025. The parties filed a Stipulation to Extend Time for Advanced Solution, LLC to Respond to Plaintiff's Original

2

Complaint on October 29, 2025, which this Court granted. (Dkt. 9).

## STATEMENT OF FACTS

### A. The Parties.

Advanced Solution is a limited liability company that distributes wound care materials, among other services, with its principal place of business in Carlisle, Pennsylvania. Compl. ¶¶ 1.3 and 3.2.

Platinum is a limited liability company organized in the State of Florida with its principal place of business in Orlando, Florida. *Id.* ¶ 1.2. Platinum purports to provide referral source services. *Id.* ¶ 3.11.

Gatlin is a limited liability company organized in the State of Ohio with its principal place of business in Mason, Ohio. *Id.* ¶ 1.1. Gatlin purports to provide salesman services related to wound care materials. *Id.* ¶ 3.1.

### B. Advanced Solution and Platinum Contemplate Entering Into an Independent Contractor Agreement.

In April 2023, Advanced Solution and Platinum contemplated entering into an Independent Contractor Agreement. *Id.* ¶ 3.11. Advanced Solution made zero payments to Platinum. *Id.* ¶ 3.14.

### C. Advanced Solution and Gatlin Executed an Independent Contractor Agreement, and Advanced Solution Terminated The Relationship.

In April 2023, Advanced Solution and Gatlin executed an Independent Contractor Agreement (the "Agreement"). *Id.* ¶ 3.1. Under the Agreement, Gatlin

3

agreed to "facilitate sales of wound care materials[.]" *Id.* As reiterated throughout the Complaint, the Agreement was "agreed upon and fully executed[,]" was a "valid and binding Independent Contractor Agreement[,]" and included "an offer and acceptance, consideration in form of compensation [and] was fully executed and signed by [both parties]." *Id.* ¶¶ 3.1, 3.3, and 4.3. In March 2024, Advanced Solution and Gatlin entered into another Independent Contractor Agreement (together with the April 2023 Independent Contractor Agreement, the "Agreements"). *Id.* ¶ 3.1.

On June 3, 2024, Advanced Solution provided notice to Gatlin of immediate termination of services under both Agreements. *Id.* ¶ 3.9.

**D.     This Lawsuit.**

Plaintiffs filed suit on October 9, 2025 alleging breach of contract, unjust enrichment, and declaratory judgment. *See* Compl. All three claims purport to take issue with Advanced Solution's alleged failure to pay Plaintiffs. *Id.* ¶¶ 4.1-6.6.

The breach of contract claims allege Advanced Solution failed to make timely payments and therefore materially breached the applicable agreement. *Id.* ¶¶ 4.1-4.5. Similarly, Plaintiffs bring unjust enrichment claims alleging that Advanced Solution has somehow been unjustly enriched by receiving "valuable consideration" from customers. *Id.* ¶¶ 5.1-5.6. Finally, Plaintiffs allege the controversies are appropriate for declaratory judgment and ask the court to rule that an agreement is in full force and effect and late payment from medical professionals does not excuse timely

4

payments to Plaintiffs. *Id.* ¶¶ 6.1-6.6.

## STATEMENT OF QUESTIONS INVOLVED

I.    **[Gatlin]** Whether the Court should dismiss Gatlin's Second Claim for Relief (Unjust Enrichment) because the terms of the Agreements define the respective rights, duties, and expectations of Gatlin and Advanced Solution, and Gatlin admits that a valid and binding agreement exists.

    *[Suggested Answer: Yes.]*

II.   **[Gatlin]** Whether the Court should dismiss Gatlin's Third Claim for Relief (Declaratory Judgment) because it is duplicative of the breach of contract claim.

    *[Suggested Answer: Yes.]*

III.  **[Platinum]** Whether the Court should dismiss Platinum's Third Claim for Relief (Declaratory Judgment) because it is duplicative of the breach of contract claim.

    *[Suggested Answer: Yes.]*

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must set forth "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* "[B]ald assertions" and "legal conclusions" are properly disregarded. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## ARGUMENT

**I.    Gatlin's Unjust Enrichment Claim Should Be Dismissed Because the Agreements' Express Terms Cover the Subject Matter of the Claim, and the Agreements' Validity is Not Disputed.**

Recovery in unjust enrichment is unavailable where—as is the case here—there is a contract covering the subject matter of the claim, and the parties do not dispute that there is a valid and binding agreement. *See Ray Angelini, Inc. v. SEC BESD Solar One, LLC*, No. 4:11-CV-1093, 2011 WL 5869906, at *3 (M.D. Pa. Nov. 21, 2011);[1] *see also EuroOptic Ltd. v. W.L. Gore & Associates, Inc.*, 781 F.Supp.3d 320, 332 (M.D. Pa. 2025). In this case, the relationship between Gatlin and Advanced Solution is clearly predicated on a written agreement. The existence of an agreement is not in dispute nor is the binding nature of such agreement.

Pennsylvania law, as noted by the Supreme Court of Pennsylvania, provides that unjust enrichments claims are "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Benner v. Bank of Am., N.A.*, 917 F.Supp.2d 338, 360 (E.D. Pa. 2013) (citing *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 259 A.2d 443, 448 (1969)) (dismissing unjust enrichment claim). Pennsylvania courts recognize this precedent and dismiss unjust enrichment claims, even when plead in the alternative, as an unjust enrichment claim cannot exist when the agreement's validity is not in question. *See Cetani v. Goldman*,

---

[1] Pursuant to Local Rule 7.8(a), a copy of this opinion by Judge Y. Kane is attached hereto as Exhibit A.

3:15CV1146, 2016 WL 4036827, at *5 (M.D. Pa. July 28, 2016)[2] ("The contract between the parties constitutes the gravamen of this action, and thus, no claim for unjust enrichment may lie."); *see also Grudkowski v. Foremost Ins. Co.*, 556 Fed.Appx. 165, 170, fn.8 (3d Cir. 2014)[3] ("pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed, making unjust enrichment a potentially available remedy"). Any request to amend should be denied as amendment would be futile. *See Bordoni v. Chase Home Fin. LLC*, 374 F.Supp.3d 378, 388 (E.D. Pa. 2019) (citing *Forman v. Davis*, 371 U.S. 178 (1962)).

This Court has dismissed unjust enrichment claims when, as here, the underlying agreement is not in dispute. *See A/Z Corp. v. Lowe's Home Ctr., LLC*, No. 1:15-CV-533, 2016 WL 1271356, at *3 (M.D. Pa. Mar. 31, 2016)[4] (dismissing unjust enrichment claim); *see also Ray Angelini, Inc.*, 2011 WL 5869906, at *3 (dismissing unjust enrichment claim "because the . . . Defendants have conceded the existence and binding nature of the Agreements" and "discovery is not necessary to determine whether a valid and enforceable contract exists").

Gatlin's unjust enrichment claim is based on the Agreements between the parties. Gatlin alleges nonpayment upon termination, which is squarely covered by

---

[2] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit B.
[3] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit C.
[4] Pursuant to Local Rule 7.8(a), a copy of this opinion by Judge Y. Kane is attached hereto as Exhibit D.

the Agreements. *See* Compl. ¶¶ 5.3-5.4. Gatlin admits that the Agreements expressly

address compensation for these services:

- "The agreed upon and fully executed Independent Contractor Agreement outlined a percentage of all Plaintiff direct sales of wound care materials as compensation for services rendered by Plaintiff." *Id.* ¶ 3.3.
- "In accordance with the valid and binding Independent Contractor Agreement, the compensation paid by Defendant, ADVANCED SOLUTION, to Plaintiff, GATLIN, was due fourteen (14) days after receipt of payment from customers." *Id.* ¶ 3.4.

Gatlin also expressly admits the Agreements are valid and binding. *Id.* ¶ 3.3; *see also*

*id.* ¶3.4 ("[i]n accordance with the **valid and binding** Independent Contractor

Agreement") (emphasis added). The real dispute in this case concerns the terms of

the Agreements, and Gatlin's unjust enrichment claim, even if pleaded in the

alterative, is unavailable.

For these reasons, Gatlin's Second Claim for Relief (Unjust Enrichment)

should be dismissed with prejudice.

## II.    Gatlin's Declaratory Judgment Claim Should Be Dismissed Because It Is Duplicative of the Breach of Contract Claim.

Plaintiff Gatlin's claim for declaratory judgment is duplicative of the breach

of contract claim and therefore must be dismissed. In *Wilton v. Seven Falls Co.*, the

United States Supreme Court explicitly stated district courts "possess discretion"

when determining whether to hear an action under the Declaratory Judgment Act.

515 U.S. 277, 282 (1995). It does not confer an absolute right for the litigant. *Id.* at

287. When the declaratory judgment claim is "essentially a repeat of the[ ] claim for breach of contract[,]" courts dismiss the claim and do not grant leave to amend. *See Bittner Family LP v. Transcon. Gas Pipe Line Co.*, LLC, 4:20-CV-01259, 2021 WL 1313398, at *6 (M.D. Pa. Apr. 8, 2021);[5] *see also Ford v. Progressive Specialty Ins. Co.*, 588 F.Supp.3d 589, 597 (E.D. Pa. 2022).  A plaintiff is not prejudiced in any way when a declaratory judgment action is dismissed for these reasons as full relief is available from the breach of contract claim. *See Butta v. GEICO Cas. Co.*, 400 F.Supp.3d 225, 234 (E.D. Pa. 2019).

Here, Plaintiff Gatlin seeks a declaration that: (i) an agreement is "in full force and effect" and (ii) Advanced Solution is not excused from the contract obligations based on late payments from clients or customers. *See* Compl. ¶ 6.6. The relief sought is encompassed in the breach of contract claim where Plaintiff Gatlin alleges there is a valid and binding agreement and Advanced Solution failed to make timely payments. *See* Compl. ¶¶ 4.3-4.4. The issues involve the same documents, the same issues, and seek the same relief as those alleged in the breach of contract claims.

For these reasons, Gatlin's Third Claim for Relief (Declaratory Judgment Action) should be dismissed with prejudice.

---

[5] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit E.

9

### III.    **Platinum's Declaratory Judgment Claim Should Be Dismissed Because It is Duplicative of the Breach of Contract Claim.**

Plaintiff Platinum's declaratory judgment claim should also be dismissed for the same reasons; it is duplicative of the breach of contract claim. As discussed herein, when the declaratory judgment claim re-hashes the breach of contract claim issues, the declaratory judgment claim should be dismissed. *See Bittner Family*, 2021 WL 1313398, at *6; *see also Ford*, 588 F.Supp.3d at 597.

Here, Plaintiff Platinum seeks a declaration that: (i) an agreement is "in full force and effect" and (ii) Advanced Solution is not excused from the contract obligations based on late payments from clients or customers. *See* Compl. ¶ 6.6. The issues involve the same documents, the same issues, and seek the same relief as those alleged in the breach of contract claims. *See* Compl. ¶¶ 4.3-4.4.

For these reasons, Platinum's Third Claim for Relief (Declaratory Judgment Action) should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, the Court should dismiss Gatlin's Second Claim for Relief and Gatlin's and Platinum's Third Claim for Relief in their entirety and with prejudice and grant all other relief to which Defendant may be justly entitled.

November 4, 2025            ROYER COOPER COHEN BRAUNFELD LLC

                            BY:    /s/  *Barry L. Cohen*
                            Barry L. Cohen, Esquire
                            1717 Arch Street, 47th Floor
                            Philadelphia, PA 19103

1

Email:  bcohen@rccblaw.com
Tel:  484.362.2628; Fax: 484.362.2630

FOLEY & LARDNER LLP
Mark J. Neuberger, Esquire
2 S. Biscayne Blvd, Suite 1900
Miami, FL 33131
Email:  mneuberger@foley.com
Tel:  305.482.8400; Fax: 305.482.8600

*Attorneys for Defendant, Advanced Solution, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via CM/ECF.

*/s/ Barry L. Cohen*
Barry L. Cohen

2